**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SAMARITAN ALLIANCE, LLC, et al. ) | Case No. 07-50735 |
| ) | |
| **Debtors** ) | Chapter 11 |
| ) | |
| _____ ) | Hon. Joseph M. Scott |
| ) | |
| POST-CONFIRMATION COMMITTEE OF ) | |
| SAMARITAN ALLIANCE, LLC ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Adv. Proc. No. 09-05252 |
| ) | |
| A. RONALD TURNER, et al. ) | |
| ) | |
| **Defendants** ) | |

**DEFENDANTS' ANSWER TO THE COMMITTEE'S COMPLAINT**

Defendants Lane Carrick ("Mr. Carrick"), James L. Marshall Jr. ("Mr. Marshall") and James C. Seabury III ("Mr. Seabury") (collectively "Defendants"), for their answer ("Answer") to the complaint ("Complaint") filed against them by Plaintiff Post-Confirmation Committee of Samaritan Alliance, LLC ("Plaintiff"), state as follows:

1. In response to paragraph 1 of the Complaint, Defendants state that on or about April 16, 2007, Samaritan Alliance, LLC ("Samaritan"), Associated Healthcare Systems of Lexington, LLC, Kentucky Internal Medicine Group, PLLC and Integrated Health Plus, LLC (collectively "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Kentucky ("Bankruptcy Court"). Defendants deny any

and all averments made against them in paragraph 1 of the Complaint not specifically admitted in the Answer.

2. In response to paragraph 2 of the Complaint, Defendants state that on or about November 9, 2007, the Bankruptcy Court entered an order ("Confirmation Order") confirming Debtors' Amended Plan of Orderly Liquidation and Distribution ("Confirmed Plan"). Defendants deny any and all averments made against them in paragraph 2 of the Complaint not specifically admitted in the Answer.

3. In response to paragraph 3 of the Complaint, Defendants state that the averment the Bankruptcy Court retained jurisdiction under the Confirmed Plan is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 3 of the Complaint not specifically admitted in the Answer.

4. In response to paragraph 4 of the Complaint, Defendants state that the averment the claims and causes of action contained in the Complaint are prosecutable claims under the Confirmed Plan, and adversary proceedings under Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 4 of the Complaint not specifically admitted in the Answer.

5. In response to paragraph 5 of the Complaint, Defendants state that the averment the Bankruptcy Court has jurisdiction of this proceeding under 28 U.S.C. §§ 157 and 1334 is a legal matter for the Bankruptcy Court's determination and, to the

extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 5 of the Complaint not specifically admitted in the Answer.

      6.      In response to paragraph 6 of the Complaint, Defendants state that the averment this is a core proceeding under 28 U.S.C. § 157(b) is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 6 of the Complaint not specifically admitted in the Answer.

      7.      In response to paragraph 7 of the Complaint, Defendants state that the averment venue is proper under 28 U.S.C. § 1409(a) is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 7 of the Complaint not specifically admitted in the Answer.

      8.      In response to paragraph 8 of the Complaint, Defendants state that the averment the Bankruptcy Court has personal jurisdiction over Defendants under Fed. R. Bankr. P. 7004 is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 8 of the Complaint not specifically admitted in the Answer.

      9.      In response to paragraph 9 of the Complaint, Defendants state that the Confirmed Plan speaks for itself and what it says is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive

pleading is required. Defendants deny any and all averments made against them in paragraph 9 of the Complaint not specifically admitted in the Answer.

10. In response to paragraph 10 of the Complaint, Defendants state that the Confirmation Order and Confirmed Plan speak for themselves and what they say is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 10 of the Complaint not specifically admitted in the Answer.

11. In response to paragraph 11 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 11 of the Complaint not specifically admitted in the Answer.

12. In response to paragraph 12 of the Complaint, Defendants state that Mr. Carrick has been a director of Associated Healthcare Systems, Inc. ("AHS") and maintained a business office in Memphis, Tennessee. Defendants deny any and all averments made against them in paragraph 12 of the Complaint not specifically admitted in the Answer.

13. In response to paragraph 13 of the Complaint, Defendants state that Mr. Marshall has been an officer and director of AHS. Defendants deny any and all averments made against them in paragraph 13 of the Complaint not specifically admitted in the Answer.

14. In response to paragraph 14 of the Complaint, Defendants state that Mr. Seabury has been a director of AHS and maintained a business office in Nashville,

Tennessee. Defendants deny any and all averments made against them in paragraph 14 of the Complaint not specifically admitted in the Answer.

15. In response to paragraph 15 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 15 of the Complaint not specifically admitted in the Answer.

16. In response to paragraph 16 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 16 of the Complaint not specifically admitted in the Answer.

17. In response to paragraph 17 of the Complaint, Defendants state that AHS has been the only member of AHSL, a Kentucky limited liability company. Defendants deny any and all averments made against them in paragraph 17 of the Complaint not specifically admitted in the Answer.

18. In response to paragraph 18 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 18 of the Complaint not specifically admitted in the Answer.

19. In response to paragraph 19 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 19 of the Complaint not specifically admitted in the Answer.

20. In response to paragraph 20 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 20 of the Complaint not specifically admitted in the Answer.

21. In response to paragraph 21 of the Complaint, Defendants state that the Ventas/Samaritan Leases speak for themselves. Defendants deny any and all averments made against them in paragraph 21 of the Complaint not specifically admitted in the Answer.

22. In response to paragraph 22 of the Complaint, Defendants state that the Loan Agreement and related loan documents speak for themselves. Defendants deny any and all averments made against them in paragraph 22 of the Complaint not specifically admitted in the Answer.

23. In response to paragraph 23 of the Complaint, Defendants state that the Forbearance Agreement speaks for itself. Defendants deny any and all averments made against them in paragraph 23 of the Complaint not specifically admitted in the Answer.

24. In response to paragraph 24 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 24 of the Complaint not specifically admitted in the Answer.

25. In response to paragraph 25 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 25 of the Complaint not specifically admitted in the Answer.

26. In response to paragraph 26 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 26 of the Complaint not specifically admitted in the Answer.

27. In response to paragraph 27 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 27 of the Complaint not specifically admitted in the Answer.

28. In response to paragraph 28 of the Complaint, Defendants state that the Letter of Intent speaks for itself. Defendants deny any and all averments made against them in paragraph 28 of the Complaint not specifically admitted in the Answer.

29. In response to paragraph 29 of the Complaint, Defendants state that the Letter of Intent speaks for itself. Defendants deny any and all averments made against them in paragraph 29 of the Complaint not specifically admitted in the Answer.

30. In response to paragraph 30 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 30 of the Complaint not specifically admitted in the Answer.

31. In response to paragraph 31 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 31 of the Complaint not specifically admitted in the Answer.

32. In response to paragraph 32 of the Complaint, Defendants state that the Master Agreement speaks for itself. In further response to paragraph 32 of the Complaint, Defendants state that the averment A. Ronald Turner ("Mr. Turner") executed the Master Agreement on behalf of Samaritan, AHSL and AHS is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 32 of the Complaint not specifically admitted in the Answer.

33. In response to paragraph 33 of the Complaint, Defendants state that the Master Agreement speaks for itself. Defendants deny any and all averments made against them in paragraph 33 of the Complaint not specifically admitted in the Answer.

34. In response to paragraph 34 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 34 of the Complaint not specifically admitted in the Answer.

35. In response to paragraph 35 of the Complaint, Defendants state that the Termination Notice speaks for itself. Defendants deny any and all averments made against them in paragraph 35 of the Complaint not specifically admitted in the Answer.

36. In response to paragraph 36 of the Complaint, Defendants state that the Ventas/UK Lease and Put/Call Agreement speak for themselves. Defendants deny any and all averments made against them in paragraph 36 of the Complaint not specifically admitted in the Answer.

37. In response to paragraph 37 of the Complaint, Defendants state that the Operations Transfer Agreement speaks for itself. In further response to paragraph 37 of

the Complaint, Defendants state that the averment Mr. Turner executed the Operations Transfer Agreement on behalf of Samaritan, AHSL and AHS is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 37 of the Complaint not specifically admitted in the Answer.

38. In response to paragraph 38 of the Complaint, Defendants state that the Management Agreement speaks for itself. In further response to paragraph 38 of the Complaint, Defendants state that the averment Mr. Turner executed the Management Agreement on behalf of Samaritan is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 38 of the Complaint not specifically admitted in the Answer.

39. In response to paragraph 39 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 39 of the Complaint not specifically admitted in the Answer.

40. In response to paragraph 40 of the Complaint, Defendants state that the averment termination of Ventas/Samaritan Leases was a transfer of property of Debtors for which none of Debtors received value is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no responsive pleading is required. Defendants deny any and all averments made against them in paragraph 40 of the Complaint not specifically admitted in the Answer.

41. In response to paragraph 41 of the Complaint, Defendants state that on or about June 6, 2007, the Bankruptcy Court entered the Sale Order And Agreed Order Of Settlement By And Among The Debtor, University Of Kentucky, KMSF, Ventas Realty, Limited Partnership And The Official Committee Of Unsecured Creditors ("Sale Order"). In further response to paragraph 41 of the Complaint, Defendants state that the Sale Order speaks for itself. Defendants deny any and all averments made against them in paragraph 41 of the Complaint not specifically admitted in the Answer.

42. In response to paragraph 42 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 42 of the Complaint not specifically admitted in the Answer.

43. In response to paragraph 43 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 43 of the Complaint not specifically admitted in the Answer.

44. In response to paragraph 44 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 44 of the Complaint not specifically admitted in the Answer.

45. In response to paragraph 45 of the Complaint, Defendants state that whether Samaritan was insolvent or in the vicinity of insolvency is a legal matter for the Bankruptcy Court's determination and, to the extent a legal conclusion is demanded, no

responsive pleading is required. Defendants deny any and all averments made against them in paragraph 45 of the Complaint not specifically admitted in the Answer.

46. In response to paragraph 46 of the Complaint, pursuant to Fed. R. Bankr. P. 7010 and Rule 10(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants adopt by reference their responses to paragraphs 1 through 45 of the Complaint as if set out in full in this paragraph of the Answer.

47. In response to paragraph 47 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments therein. Defendants deny any and all averments made against them in paragraph 47 of the Complaint not specifically admitted in the Answer.

48. Defendants deny any and all averments made against them in paragraph 48 of the Complaint.

49. Defendants deny any and all averments made against them in paragraph 49 of the Complaint.

50. Defendants deny any and all averments made against them in paragraph 50 of the Complaint.

51. Defendants deny any and all averments made against them in paragraph 51 of the Complaint.

52. Defendants deny any and all averments made against them in paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, pursuant to Fed. R. Bankr. P. 7010 and Fed. R. Civ. P. 10(c), Defendants adopt by reference their responses to

paragraphs 1 through 52 of the Complaint as if set out in full in this paragraph of the Answer.

54. Defendants deny any and all averments made against them in paragraph 54 of the Complaint.

55. Defendants deny any and all averments made against them in paragraph 55 of the Complaint.

56. Defendants deny any and all averments made against them in paragraph 56 of the Complaint.

57. Defendants deny any and all averments made against them in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, pursuant to Fed. R. Bankr. P. 7010 and Fed. R. Civ. P. 10(c), Defendants adopt by reference their responses to paragraphs 1 through 57 of the Complaint as if set out in full in this paragraph of the Answer.

59. Defendants deny any and all averments made against them in paragraph 59 of the Complaint.

60. Defendants deny any and all averments made against them in paragraph 60 of the Complaint.

61. Defendants deny any and all averments made against them in paragraph 61 of the Complaint.

62. Defendants deny any and all averments made against them in paragraph 62 of the Complaint.

## Affirmative Defenses

63.	All averments of the Complaint not specifically admitted in the Answer are denied.

64.	Defendants are not liable to Plaintiff for any claim or amount.

65.	The Complaint fails to state a claim against Defendants upon which relief can be granted.

66.	There is no personal jurisdiction over Defendants.

67.	Plaintiff's injuries and damages, if any, are the result of actions of parties, persons, or entities other than Defendants thus requiring apportionment of liability.

68.	Plaintiff is judicially estopped from asserting against Defendants the claims alleged in the Complaint.

69.	The Defendants are protected by the business judgment rule and advice of counsel defense from liability for the conduct complained of by Plaintiff in the Complaint.

70.	Punitive damages may not be recovered from Defendants for the conduct alleged in the Complaint, and any award of punitive damages against Defendants for the conduct alleged in the Complaint would be in violation of the Kentucky and United States constitutions.

71.	Plaintiff's claims alleged in the Complaint against Defendants may be barred by accord and satisfaction, contributory negligence, duress, estoppel, failure of consideration, laches, payment, release, res judicata, collateral estoppel, applicable statutes of limitations, waiver and unclean hands.

72.     Defendants expressly reserve the right to amend its answer to the Complaint, if necessary, to raise defenses which may be, or become, available to them during the course of the action.

### Jury Demand

73.     Defendants demand a trial by jury of all issues triable of right by a jury. Defendants will file a motion for the United States District Court for the Eastern District of Kentucky to withdraw the reference to the Bankruptcy Court of this proceeding. Defendants do not consent to the conduct of the jury trial by the Bankruptcy Court.

### Defendants' Demand For Judgment On The Complaint

74.     Defendants demand judgment on the Complaint as follows:

(a)     Dismissing the Complaint as to Defendants with prejudice;

(b)     Awarding Defendants costs as the prevailing parties;

(c)     Awarding Defendants attorneys' fees and nontaxable expenses;

(d)     Awarding Defendants all other relief to which they may be entitled.

/s/ Gregory D. Pavey
Gregory D. Pavey
Culver V. Halliday
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202-2828
(502) 333-6000

Attorneys for Defendants
Lane Carrick, James L. Marshall Jr. and
James C. Seabury III

February 4, 2010

## CERTIFICATE OF SERVICE

I certify that Defendants' Answer To The Committee's Complaint was served electronically, on February 4, 2010, by filing with the Bankruptcy Court using the CM/ECF system.

/s/ Gregory D. Pavey
Gregory D. Pavey

611360.3